IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Vigilant Insurance Company of New York a/s/o Spartanburg Regional Healthcare System, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 7:09-cv-02076-JMC |
| v. | ) ) | **ORDER & OPINION** |
| McKenney's, Inc.; and Robins & Morton Corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff Vigilant Insurance Company of New York's ("Vigilant") Motion in Limine [Doc. 37] to exclude McKenney's, Inc.'s ("McKenney's) and Robins & Morton Corporation's ("RMC" and collectively with McKenney's "Defendants") expert witness's testimony. Additionally, before the court is Defendants' Motions in Limine [Docs. 36, 39, 61] to exclude certain witness testimony and documentary evidence to be offered at trial by Vigilant. For the following reasons, the court denies Vigilant's Motion and grants in part and denies in part Defendants' Motions.

## BACKGROUND

This case arises out of the damages caused by a water leak that occurred at a Spartanburg Regional Healthcare System ("Spartanburg Regional") facility located in Spartanburg, South Carolina. The complaint alleges that the leak occurred when two pipes integrated into the roof drain system of the facility separated during a rain event on July 13, 2006, and that the leak caused damage to both the structure of the facility, as well as some essential and highly specialized imaging

equipment that was in use on the floor below the leak. Spartanburg Regional filed a claim with its insurance carrier, Vigilant. Vigilant paid the claim and now seeks to recover the amount paid under the claim from the Defendants. This case was originally filed in State court, but was removed to this court by the Defendants. Each party filed a motion in limine to exclude certain witnesses and evidence to be presented at trial. The court held a hearing on the motions on June 7, 2011.

## DISCUSSION

**A.      Vigilant's Motion in Limine to exclude or limit the testimony of Robert Carter**

Vigilant requests the court to exclude the testimony of Defendants' expert witness, Robert Carter, pursuant to Federal Rule of Evidence 702 on the grounds that Carter's opinions lack the reliability and relevance required by the Federal Rules of Evidence.

Defendants argue that Vigilant's Motion should be denied as untimely because it is a *Daubert* motion which should have been filed prior to the July 16, 2010, deadline set forth in the Scheduling Order issued by the court on December 3, 2009. Pursuant to the Scheduling Order in this case, Vigilant's Motion is untimely. However, counsel for the parties acknowledged that expert witness depositions were held in October 2010, by consent of all parties, long after the *Daubert* motion deadline passed. Therefore, *Daubert* motions were not appropriate for filing with the court until the conclusion of the expert witness depositions.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a court has discretion to modify a scheduling order for good cause. *See* FED. R. CIV. P. 16(b)(4). The primary consideration in determining whether a party meets the "good cause" standard is the diligence of the moving party. *See Montgomery v. Anne Arundel Cnty.*, 182 Fed. App'x 156, 162 (4th Cir. 2006) (unpublished).

2

The court finds that Vigilant has shown good cause for its failure to comply with the scheduling order deadline.

Upon consideration of the merits of Vigilant's motion, the court finds that it fails on substantive grounds. Defendants argue that even if the motion's timeliness is not an issue, Carter's testimony should be allowed because it would not violate the Federal Rules of Evidence.

Defendants' expert witness, Robert "Bob" Carter, is a mechanical engineer with over 50 years of experience. Carter's testimony purports to be based on his engineering experience, photographs of the pipes, and the report he compiled about the incident. Vigilant primarily attacks Carter's opinion as to the cause of the incident at issue and argues that Carter's investigation is insufficient to support his conclusions.  Vigilant does not argue that Carter's actual method for making his conclusion is unreliable.  In fact, Carter's method of reviewing photographs, making calculations, and relying on his experience does not substantially deviate from the method employed by Vigilant's expert witness, Roger Davis.  It is the province of the jury to evaluate the expert witness's testimony; the adequacy of the expert's knowledge goes to the weight of the testimony, not its admissibility. *Humpries v. Mack Trucks, Inc.*, 198 F.3d 236 (4th Cir. 1999).

Therefore, the court denies Vigilant's request to exclude or limit Robert Carter's testimony.

**B.      Defendants' Motions in Limine to exclude or limit the testimony of Buddy Bush, David Cook, or other like Representatives or Officials from the City of Spartanburg, South Carolina**

Buddy Bush and David Cook are employees with the City of Spartanburg.  Defendants seek to prevent these witnesses from offering testimony at trial regarding the City of Spartanburg's building codes and Defendants' compliance with the codes in installing the piping at issue. Specifically, Defendants object to the admission of their testimony on the grounds that Vigilant

3

intends to present them as expert witnesses despite Vigilant's failure to timely identify them as experts.

Rule 26(a)(2)(C) mandates that all expert witness disclosures "shall be made at the times and in the sequence directed by the court." FED. R. CIV. P. 26(a)(2)(C). Furthermore, if a party fails to comply with the requirements of Rule 26, Rule 37 provides that the testimony of that expert should be limited or excluded, unless such failure to comply is harmless or substantially justified. FED. R. CIV. P. 37(c)(1). The court has "broad discretion" to determine whether the nondisclosure of a witness or evidence is substantially justified or harmless. *See States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). In determining whether a party's failure to disclose was substantially justified or harmless, this court is guided by consideration of five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *See Southern States Rack And Fixture v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

"Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses, [and a] party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Carr v. Deeds,* 453 F.3d 593, 604 (4th Cir. 2006) (citing *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005)). Therefore, a party's failure to disclose in accordance with the Rule cannot be considered "justified" or "harmless" simply because the opposing party had an opportunity to depose the witness. *See Carr*, 453 F.3d 593 at 605. This

would shift to the opposing party the burden that Rule 26 indisputably places on the party calling the witness. *Id*.

Vigilant does not dispute that it failed to timely designate these witnesses as experts and failed to provide a report in accordance with Rule 26. Instead, Vigilant argues that its failure was substantially justified or harmless because Defendants have long been aware that the case involved building code issues, but did not challenge Vigilant's evidence concerning the building codes until the parties' mediation in December. Accordingly, Vigilant argues that it added these witnesses in response to Defendants' claim that Vigilant lacked sufficient evidence regarding Defendants' compliance with the building codes and that Vigilant is, therefore, justified in the late disclosure. Additionally, Vigilant argues that the late disclosure is harmless because Defendants were notified of the witnesses' proposed testimony, and were given an opportunity to depose the witnesses.

The court is unpersuaded by Vigilant's arguments. Vigilant has been aware of its claims of building codes violations since early on in the case, just as it claims Defendants have known that the case involved building code issues. Vigilant cannot obviate its obligations under the rules simply because it failed to recognize the need for certain testimony until after Defendants brought the matter to Vigilant's attention and after the relevant deadline had passed. While Defendants have deposed the witnesses from the City of Spartanburg, Vigilant's late disclosure of these witnesses as experts curtailed Defendants' ability to rebut the proposed expert testimony of these witnesses. Accordingly, the court finds that Vigilant's untimely disclosure of these witnesses was not substantially justified or harmless.

The court grants Defendants' Motion insofar as it seeks to prohibit Buddy Bush and David Cook from offering expert testimony, particularly any testimony as to the purpose of the building

code or the cause of the incident. However, Buddy Bush and David Cook may present factual testimony within the scope of their employment with the City of Spartanburg including the applicability of the building codes and their participation in the enforcement of those codes in this matter.

C. **Defendants' Motions in Limine to exclude or limit the testimony of William Marx (Vigilant's Adjuster) as an expert on any subject, or any testimony by Mr. Marx that requires an expert opinion**

Defendants request that the court exclude or limit the testimony of William Marx, Vigilant's employee responsible for adjusting Spartanburg Regional's claim, because Vigilant proposes to offer Marx as an expert, but did not comply with the disclosure requirements of the Federal Rules of Civil Procedure. Vigilant disclosed that Marx would be a witness at trial, but did not disclose that it intended to call Marx as an expert witness until the end of Marx's deposition after the expiration of the expert disclosure deadline. Vigilant also failed to provide any expert witness report from Marx.

The first question to be answered by the court is whether Marx qualifies as an expert witness. Expert testimony is testimony based on scientific, technical, or other specialized knowledge that will assist the trier of fact in reaching a decision on an issue. *United States v. Dorsey*, 45 F.3d 809, 813 (4th Cir. 1995). Here, Vigilant proposes to tender Marx to offer testimony related to the damages Vigilant seeks to recover. Particularly, Marx may testify regarding his method of valuation of the claim presented to Vigilant by Spartanburg Regional which may include a discussion regarding his determination of the value of the medical equipment damaged as a result of the incident at issue. The value of medical equipment is not likely to be within common knowledge and may require

specialized knowledge of medical equipment.  Therefore, it is conceivable that Marx will offer testimony at trial that may be categorized as expert testimony.[1]

Assuming that Marx will give expert opinion testimony, the court must next determine whether Marx, as an employee of Vigilant, is subject to the disclosure requirements of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 26(a)(2)(B) requires litigants to produce written reports for any witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." To the extent that a witness's opinion is based on facts learned or observations made "in the normal course of duty," the witness is a hybrid witness (i.e., a hybrid of an expert and a fact witness) and need not submit an expert report. *See id.; Nat'l R.R. Passenger Corp. v. Ry. Express*, 268 F.R.D. 211, 216 (D. Md. 2010) (internal citations omitted). The same witness, however, must submit a report regarding any opinions formed specifically in anticipation of the litigation, or otherwise outside the normal course of a duty. *See Nat'l R.R. Passenger Corp.*, 268 F.R.D. at 216.

Based on Vigilant's assertions in its filings and counsel's argument at the hearing, it appears that Marx proposes to testify in an expert witness capacity regarding facts and opinions gained in the course of his investigation of Spartanburg Regional's claim - or within the scope of his employment. Therefore, Vigilant was not obligated under the Federal Rules of Civil Procedure to provide an

---

[1] Vigilant also presents a compelling argument that Marx should be allowed to testify as a lay opinion witness regarding his valuation of the medical equipment.  South Carolina courts have regularly allowed the opinion testimony of a non-expert who has sufficient knowledge of the value of the property in question or who has had ample opportunity for forming a correct opinion on it. *See City of Spartanburg v. Laprinakos*, 267 S.C. 589, 595, 230 S.E.2d 443, 444-45 (1976). However, the witness must demonstrate that he or she has some source of knowledge of the value of the property in order to remove his or her opinion from the realm of mere conjecture.  *Id*.  Therefore, depending on the basis of Marx's testimony, it is equally conceivable that he may offer testimony that may be categorized as lay opinion testimony.

expert report from Marx. If Vigilant intended to offer Marx as an expert witness, however, it was obligated to disclose Marx as an expert witness by the April 2, 2010, deadline set forth in the Scheduling Order [Doc. 8] and provide a summary of the subject matter and opinions to which he was expected to testify. *See* FED. R. CIV. P. 26(a)(2)(A) and (C). In March 2010, Vigilant provided its Answers to Defendant McKenney's, Inc.'s First Set of Interrogatories to Plaintiff, [Doc. 68-4]. In the document, Vigilant does not specifically list Marx as an expert, but does list him as a witness and submits that he has knowledge of the adjustment of the claim. Vigilant also produced Marx's claim file which included the information on which Vigilant seeks to offer his testimony. The court is unimpressed with Vigilant's failure to strictly comply with the disclosure requirement, but finds that the substance of the information required by Rule 26(a)(2)(A) and (C) was provided to Defendants prior to the April 2, 2010, expert disclosure deadline.

Accordingly, the court denies Defendants' motions to exclude Marx's testimony because Marx is a hybrid witness, and his opinions appear to be based on his investigation of Spartanburg Regional's claim within the scope of his employment as an adjuster. However, the court limits Marx's testimony to the facts and opinions concerning his method of valuation of Spartanburg Regional's claim in the course of his employment. Marx may not offer testimony regarding his opinion of "what a willing buyer would pay" for medical equipment, the fair and reasonable amount necessary to return the hospital to its position prior to the incident, or Spartanburg Regional's potential damages.

**D.      Defendants' Motion in Limine to exclude documents related to damages**

Defendants ask the court to exclude certain documents as hearsay because no witness from the companies that prepared the documents have authenticated them or have been identified as

witnesses at the trial. The documents at issue relate to Vigilant's damage calculations and include a damages summary, invoices from various vendors, and other documents related to the damages Vigilant seeks in this matter.

A record is excluded from the hearsay rule if it is made at or near the time of the issue in question by, or from information transmitted by, a person with knowledge, if the record is kept in the course of regularly conducted business, and if it was the regular practice of the business to make the record, all as demonstrated by testimony of the record's custodian or other qualified witness. FED. R. EVID. 803(6). Although the usual case involves an employee of the preparing business laying the necessary foundation under 803(6), the law is clear that under circumstances which demonstrate trustworthiness it is not necessary that the one who kept the record, or even had supervision over its preparation, testify. *See United States v. Flom*, 558 F.2d 1179, 1182 (5th Cir. 1977); *U.S. v. Farmer*, 820 F. Supp. 259, 264-65 (W.D. Va. 1993) (finding that no employee of the preparing business need testify when an otherwise qualified witness testifies as to the foundation for the admission of documents in circumstances that demonstrate trustworthiness). Records one business receives from another are admissible as a business record "when those records are kept in the regular course of business, relied upon by that business, and where that business has a substantial interest in the accuracy of the records." *MRT Constr., Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998).

Vigilant contends that Marx relied upon the documents at issue to determine the amount Vigilant should pay its insured for the damage it suffered. Marx is an insurance adjuster with over ten years of experience in, among other things, evaluating all sorts of documents to reach a final damages calculation and keeping those documents in the normal course of his job. As an insurance adjuster, Marx has a substantial interest in the accuracy of the documents in question because he

used them in the process of determining the amount Vigilant, his employer, would pay Spartanburg Regional for its claim. Accordingly, Marx may constitute a qualified custodian of the records, and they may be admitted through his testimony under FED. R. EVID. 803(6) provided that Vigilant lays the proper foundation for admission.

Vigilant also indicated it may attempt to introduce the documents through the testimony of Jason Head, Yan Ratke, and possibly other witnesses. Vigilant acknowledged, however, that neither Head nor Ratke kept the documents during his normal course of business. The court finds Head and Ratke unqualified to authenticate the documents, given the information provided to the court in connection with these motions.

**E.     Defendants' Motion in Limine to exclude certain manufacturer recommendations**

Defendants ask the court to exclude the 2010 manufacturer's recommendation from Tyler Pipe and the 2007 manufacturer's recommendation from Charlotte Pipe and Foundry because the documents are irrelevant. Defendants argue that the recommendations were published after the installation of the pipes at Spartanburg Regional occurred, and therefore they have no bearing on this case.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. In addition to its relevance, the probative value of evidence must not be substantially outweighed by the danger that it will cause unfair prejudice. *See* FED. R. EVID. 403; *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

The court notes that during the hearing, Vigilant indicated it would seek to admit a copy of Charlotte Pipe and Foundry's instructions from 2002 instead of the 2007 document, but also

indicated that Roger Davis, its expert, was prepared to testify that the substance of the recommendations was valid at the time of installation regardless of the date of publication on the copies he referenced. Defendants further objected to the admission of the 2002 recommendations on the grounds that the document was created before the installation. Based on Davis's proposed testimony regarding the substance of the recommendations, the court determines that they are sufficiently relevant to be admissible. Defendants will have the opportunity to cross-examine Davis about the document. Therefore, the court denies Defendants' requests to exclude the manufacturer recommendations.

**F.     Defendants' Motion in Limine to exclude or limit the testimony from Roger E. Davis**

Defendants request the court to exclude the testimony of Vigilant's expert witness, Roger Davis, on the grounds that he cannot testify regarding the applicable standard of care because he referenced manufacturer recommendations with publication dates after the installation at issue in this case. Despite Defendants' characterization of their motions, they essentially contend that Davis's opinions lack the reliability and relevance required of them by the Federal Rules of Evidence.

Vigilant submits that Davis's testimony will be based on his experience, inspection of the hospital, inspection of the Roof Drainage System, eyewitness interviews, calculations, photographs of the pipes, research of building codes, and the manufacturer recommendations. Defendants assert that Davis testified in his deposition that his opinion was based on the manufacturer recommendations which Defendants believe are inapplicable. Similar to Vigilant's attack of Carter's opinion, Defendants' motions simply raise issues which go to the weight of Davis's testimony and not its admissibility. *See Humpries*, 198 F.3d 236; *see supra*, Part A.

Accordingly, the court denies Defendants' request to exclude or limit Davis's testimony.

## CONCLUSION

For the reasons set forth above, it is **ORDERED** that Vigilant's Motion in Limine [Doc. 37] to exclude or limit the testimony of Robert Carter is **DENIED**. Defendants' Motions in Limine [Docs. 36, 39, 61] are **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>
United States District Judge

June 9, 2011<br>
Greenville, South Carolina