IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Vigilant Insurance Company of New York a/s/o Spartanburg Regional Healthcare System,<br><br>        Plaintiff,<br><br>    vs.<br><br>McKenney's, Inc. and Robins & Morton Corporation,<br><br>        Defendants. | C.A. No.: 7:09-cv-02076-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court on Plaintiff Vigilant Insurance Company of New York's ("Vigilant") Motion for a New Trial [Doc. 93] pursuant to Rules 49(b)(4), 50(b), 59 (a), and 60(b)(4) and (6), of the Federal Rules of Civil Procedure. For the following reasons, the court denies Vigilant's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of the damages caused by a water leak that occurred at a Spartanburg Regional Healthcare System ("Spartanburg Regional") facility located in Spartanburg, South Carolina. In its Complaint [Doc. 1], Vigilant alleged that the leak occurred when two pipes integrated into the roof drainage system of the facility separated during a rain event on July 13, 2006, and that the leak caused damage to both the structure of the facility, as well as some essential and highly specialized imaging equipment that was in use on the floor below the leak. Spartanburg Regional filed a claim with its insurance carrier, Vigilant. Vigilant paid the claim and sought to recover for certain amounts paid under the claim from McKenney's, Inc. ("McKenney's), the plumbing sub-contractor, and Robins & Morton Corporation ("RMC" and collectively with

McKenney's "Defendants"), the general contractor, for the allegedly negligent construction of a roof drainage system at Spartanburg Regional.

A jury trial was held from June 13, 2011, to June 17, 2011, at the conclusion of which the jury returned a verdict for Defendant RMC on Vigilant's breach of contract claim. The jury further returned a verdict in favor of Vigilant on its claim of negligence against Defendant McKenney's, but found that Vigilant was not entitled to any damages. Vigilant filed this Motion seeking a partial new trial on the issue of damages or, in the alternative, a new trial on all matters.

## DISCUSSION

Vigilant argues that it is entitled to a new trial because the verdict returned by the jury is inconsistent on its face. Particularly, Vigilant complains that the jury's finding in Vigilant's favor on its negligence claim against McKenney's is irreconcilable with the jury's finding of zero damages.

> In considering a motion for a new trial, a trial judge may weigh the evidence and consider the credibility of witnesses, and if he finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, he must set aside the verdict, even if supported by substantial evidence, and grant a new trial.

*King v. McMillan*, 594 F.3d 301, 314 (4th Cir. 2010). The court must view the evidence in the light most favorable to the prevailing party. *Perrin v. O'Leary*, 36 F. Supp. 2d 265, 266 (D.S.C. 1998). "Such a motion should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless 'the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict.' " *Id.* (quoting *Bennett Enterprises, Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 497 (D.C. Cir. 1995). The determination of whether a new trial is warranted rests in the sound discretion of the trial judge. *See Stamathis v. Flying J, Inc.*, 389 F.3d 429, 436 (4th Cir. 2004).

2

South Carolina courts have found verdicts in favor of a plaintiff, but awarding zero damages to be facially inconsistent and contrary to South Carolina law. *See Stevens v. Allen*, 342 S.C. 47, 53, 536 S.E.2d 663, 666 (2000); *Longshore v. Saber Security Serv., Inc.*, 365 S.C. 554, 562-63, 619 S.E.2d 5, 10 (Ct. App. 2005). The general approach to resolving such an inconsistency is for the trial court, upon timely request, to re-submit the matter to the jury.[1] *See Id*. If the jury fails to return a consistent verdict, then a new trial may be granted. *See Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 599 (4th Cir.1996); *Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 49, 691 S.E.2d 135, 149 (2010). However, the court is not required to reject an inconsistent verdict where there has been no objection on the grounds of inconsistency or no request that the matter be submitted to the jury for reconciliation before the court excuses the jury from the case. *See Stevens*, 342 S.C. at 53, 536 S.E.2d at 666; *Longshore*, 365 S.C. at 562-63, 619 S.E.2d at 10.

Additionally, a new trial is not required where a verdict can be reasonably reconciled with the evidence presented in the case. *See Atlas Food Sys. & Servs., Inc.*, 99 F.3d at 599; *Austin*, 387 S.C. at 49, 691 S.E.2d at 149. Indeed, the court has an obligation to sustain a verdict if there is any

---

[1]McKenney's argues that Vigilant has waived its right to request a new trial because it failed to object to the verdict on the grounds of inconsistency or request that the matter be re-submitted to the jury. *See White v. Celotex Corp*., 878 F.2d 144, 146 (4th Cir. 1989) (*per curiam*) ("Proper respect for [Rule 49(b)] mandates that failure to bring any purported inconsistencies in the jury's verdict to the attention of the court prior to the release of the jury will constitute a waiver of a party's right to seek a new trial."). After the jury verdict was published in this case, the court requested that the jury return to the jury room and inquired with the parties as to whether there were any exceptions to the verdict. At that time, Vigilant indicated that it took exception to the verdict, but did not specifically mention any grounds for the exception. Particularly, Vigilant did not note any perceived inconsistency in the verdict or request that the jury conduct further deliberations to clarify the verdict. Because Vigilant did not bring the alleged inconsistency to the court's attention or move for re-submission of the matter to the jury, Vigilant may have waived its right to seek a new trial. Notwithstanding any waiver by Vigilant of the right to seek a new trial, the court finds the verdict rendered in this case to be consistent with the evidence presented at trial.

logical view of the case which would harmonize a seemingly inconsistent verdict. *See id.* Courts applying South Carolina law have noted that, despite the establishment of liability against a defendant, a verdict should not be held inconsistent where the record indicates a failure in proof of the amount of damages. *See Page v. Crisp*, 303 S.C. 117, 118, 399 S.E.2d 161, 162 (Ct. App.1990); *accord Brown v. Frazier*, --- Fed. Appx. ----, 135 F.3d 769 (4th Cir. Feb 18, 1998) (unpublished).

During trial, Vigilant offered the testimony of several witnesses in support of its claim that McKenney's failed to install the pipes in the roof drainage system properly and that this failure caused the leaking incident at Spartanburg Regional. Mr. Jason Head, a former employee with Spartanburg Regional, offered testimony concerning his observation of areas of the Spartanburg Regional facility that experienced flooding as a result of the pipe separation, but he did not offer any particular testimony regarding the extent or amount of any damages.

The primary witness presented by Vigilant on the issue of damages was William Marx, Vigilant's insurance adjuster, who was qualified as an expert in the field of insurance adjustment. While Mr. Marx described some of the physical damage to the Spartanburg Regional facility that he observed, he offered specific valuation of a CT scanner and X-ray machine which accounted for the largest portion of the claim paid by Vigilant on Spartanburg Regional's behalf. Although Defendants did not present their own witnesses on the issue of damages, they vigorously cross-examined Mr. Marx on his assessment of the extent and amount of damage to the CT scanner and X-ray machine. Defendants specifically attacked Mr. Marx's ability to determine whether the medical equipment should have been replaced or repaired. Defendants further intensively questioned Mr. Marx regarding his knowledge of whether the CT scanner was replaced out of necessity or convenience due to the manufacturer having a surplus scanner on hand. Additionally, Defendants

highlighted throughout trial and during closing arguments that Vigilant had not presented anyone from Spartanburg Regional to testify about the extent and amount of damages incurred by the facility as a result of the leak. Most importantly, Vigilant did not ask the jury for a damage award for McKenney's negligence generally, but only requested the jury to award it more than $700,000 in damages for the replacement of the medical equipment.

In submitting the matter to the jury, the court charged the jury on the matters of negligence and negligence per se as follows:

> In order to prevail in a negligence claim Vigilant must show that McKenney's owed a duty to Spartanburg Regional Medical Center, that McKenney's breached that duty, and that the breach was the proximate cause of an injury to Spartanburg Regional. . . . If such negligence or carelessness on the part of McKenney's did exist, and that fact is totally for you, the jury, to determine, your next question would be: Is the negligence or carelessness of McKenney's a proximate cause of the damages sustained by Spartanburg Regional?
>
> If you find (1) that McKenney's failed to comply with the Spartanburg City Building Code, including the International Building Code as adopted by the City of Spartanburg, and (2) that the applicable portion of the Building Code was meant to prevent the type of harm which occurred in this case, McKenney's is considered to be negligent per se. If you find McKenney's negligent per se, Vigilant need not further demonstrate a breach of duty. However, you must still determine whether Vigilant has suffered any damages and whether those damages were proximately caused by McKenney's negligence per se.

In addition to the instructions regarding the standard of proof for Vigilant's negligence claims, the court instructed the jury on the issue of damages. The court charged:

> If you find, based on the foregoing instructions, that Vigilant has met its burden of proving that McKenney's is liable to it for negligence or that Robins & Morton is liable to it for breach of contract, then you must determine the amount of damages Vigilant should receive, if any. . . . The existence, causation, or amount of damages cannot be left to conjecture, guesswork or speculation. Proof of amount of loss with absolute or mathematical certainty is not required. However, damages must be proved with a reasonable degree of certainty and accuracy. The evidence presented by the Plaintiff must enable you, the jury, to determine what amount is fair, just and reasonable. . . .

5

Further, the court submitted a verdict form to the jury which provided:

Negligence: On Plaintiff's claim for negligence against Defendant McKenney's, Inc., we the jury find for (check one):

>Plaintiff Vigilant Insurance Company of New York _____
>Defendant McKenney's, Inc. _____

If you find for Defendants on all causes of action above, STOP your deliberations and have the foreman certify the jury's verdict below. If you find for Plaintiff on any cause of action against any of the Defendants, state the amount of actual damages below.

We, the jury, find that Plaintiff is entitled to damages in the amount of (write amount below, if any): _____.

The jury charges and verdict form were submitted to the jury without objection from any party.[2]

Upon careful review of the record, the court determines that the jury could have reasonably and logically determined that Vigilant met its burden of proving that McKenney's was negligent, but failed to prove the amount of the damage with reasonable certainty. Vigilant offered overwhelming evidence supporting its claim that McKenney's failed to properly install the pipes at Spartanburg Regional and that such failure proximately caused injury or damage to Spartanburg Regional's facility. However, Vigilant offered no evidence regarding the amount it should recover for the damage to the facility and focused almost exclusively on recovery of the amounts paid on the claim for the medical equipment. The evidence presented on the amount Vigilant sought to recover for the medical equipment was highly disputed through cross-examination. Defendants attacked Mr. Marx's

---

[2]The Supreme Court of South Carolina has also held that a party may waive its right to protest an inconsistent verdict by failing to timely object to jury instructions or verdict forms which would allow the jury to find for the plaintiff, but award no damages - such as where a verdict form requests the jury to state the amount of damages, "if any." *See Bensch v. Davidson*, 354 S.C. 173, 179-80, 580 S.E.2d 128, 131 (2003).

credibility on his assessment of the damage to the medical equipment, the reasonableness of the amount paid, and whether the alleged amount accurately reflected the actual loss experienced by Spartanburg Regional. Based on this evidence, the jury could have reasonably found that the evidence presented by Vigilant did not enable it to determine what amount was fair, just and reasonable. In consideration of the record before the court, including the jury instructions and verdict form, the court finds that the jury's verdict and damage assessment can be logically harmonized and the jury's verdict should be sustained.

## CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiff Vigilant Insurance Company of New York's Motion for a New Trial [Doc. 93]

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
February 15, 2012